**Philip A. Seplow, Esq.**
**Attorney #004859**
**2000 North 7th Street**
**Phoenix, AZ  85006**
**E-Mail: screenwriter2@earthlink.net**
**Phone: (602) 254-8817**
**Fax     (602) 254-0271**

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America ) | Case No.  CR 12-755-PHX-ROS |
| ) | |
| Plaintiff, ) | |
| ) | OBJECTIONS TO PRESENTENCE REPORT |
| vs. ) | |
| ) | |
| Kevin Buurma Angileri, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

   COMES NOW the Defendant, Kevin Buurma Angileri, by and through undersigned counsel, and files the following objections to the presentence report authored by United States Probation Officer Chris Woodiel:

   1.  On page 4, paragraph 7, the information that Richard Toyser was forced out of EDI by Angileri and Monahan when he learned Angileri was selling HP products on the grey market is absolutely false.  He was forced out simply because Richard Toyser **wanted more money**.

   2.  In regard to page 5, paragraph 16, where it states that Angileri and Monahan created approximately 290 false invoices, Monahan created all the invoices.  Angileri **never** created one invoice.  Angileri, along with others, would secure purchases, and from those purchases Monahan would create the invoices.

1

3.     In regard to page 6, paragraph 16, where it states that Angileri and Monahan directed payments not to go to GTF (Global Technology Finance) it was Monahan who directed the payments away from GTF.  Angileri had nothing to do with whether those payments went to GTF or not.

Further, in regard to personal expenses, Angileri has admitted to all amounts ($500 here and there) but it was Joe Monahan who directed over $170,000 to go toward the purchase of his new home.  True, Angileri as well as all the other received their salary and their expenses from the EDI account, but Angileri never took any substantial amounts of money from the account for his personal business like Mr. Monahan.

In regard to page 12, paragraph 59, where K + M America, Inc. is discussed, when the Defendant was asked from what other entity did he earn money, he did not mention K + M America, Inc., because he's never earned any money from it.  The company is dissolved.

In regard to paragraph 63 on page 13, it was Joe Monahan who formed the company Minority Technology Companies and put Mr. Angileri's name on the documents.  If one were to look up the documents it will be noted that the signature of Kevin Angileri dated November 29, 2007, is not Mr. Angileri's signature and the handwriting under the name Kevin Angileri is probably the handwriting of Joe Monahan.  Mr. Angileri's *participation* was accomplished without Kevin's knowledge.

The first time that Mr. Angileri heard about Minority Technology Companies is when he read the first draft presentence investigation report.  Further, Mr. Angileri never received one

2

red cent from that company.  Additionally, the name of the company is Minority Technology Company as opposed to "Minority Technologies Company" as reported in paragraph 63 of the presentence investigation report.  Since Angileri did not mention this business during his presentence interview, it is assumed that the Probation Officer who wrote the report, Chris Woodiel, obtained that information (false as it may be) from Joseph Monahan.

In regard to paragraph 80 of the report (Restitution), the Defendant objects to the amount listed, i.e. $1,845,028.70.  Undersigned counsel expects to present the Court with a memorandum in regard to restitution which will be more fully fleshed out, but for the moment, the Court should know that Hewlett Packard (HP) lists their merchandise at a price which they very rarely receive.  In other words, they very rarely sell and take in funds for their equipment at their listed price.  HP offers to have others set up sales organizations to avoid that cost and now claims that their equipment would have sold at the inflated "channel" price.  EDI would have been able to sell virtually none at this channel price.  That doesn't even take into account EDI sales, handling, tax and shipping expenses.  Arbitech may be the largest seller of HP business equipment worldwide.  In other words, HP does not have clean hands.  HP made a profit on every piece of equipment that was sold and then apparently wanted the government to bring them out of their corporate financial pit.  They have their lowest per-share stock price in 12 years and five CEO's have come and gone at HP in the last five years.  HP announced at the end of 2012 that HP lost about $4 billion in a buy-out deal with a British company.

HP overpaid for the company and now HP is crying because it isn't bringing in the vast revenue HP expected.

Although Defendant Angileri committed the crime as accused, his portion of the HP loss is minuscule to what they have done to themselves, and does not equate to the $1.845 million restitution amount they are claiming.  Again, a more fleshed out memorandum in this regard will be presented at the time of sentencing.

Defendant objects to paragraph 27 where there is a 16 level "bump" in the offense characteristic scale.  Please see objection to paragraph 80 set forth above.

Defendant objects to paragraph 28 as he believes that creating false invoices is not a sophisticated means of committing fraud.  One of the simplest means of committing fraud is creating a false invoice.

Defendant objects to paragraph 30, adjustment for role in the offense as although the Defendant has admitted to committing the crime, it was Joe Monahan who was the brains behind the entire scheme.  It was Joe Monahan who took close to $200,000 in personal funds from the EDI account and was the person who actually created the false invoices (especially since it is now being argued that creating those false invoices involved sophisticated means).  If anybody used sophisticated means (if indeed creating false invoices is sophisticated) it was Joe Monahan who used those *sophisticated means* and thus was certainly a bigger player than Kevin Angileri.

/ / /

/ / /

4

As a result of the objections above, Mr. Angileri's adjusted offense level should be substantially lower.

RESPECTFULLY SUBMITTED this 1st day of March, 2013.

PHILIP A. SEPLOW, ESQ.

By: s/Philip A. Seplow
Philip A. Seplow, Esq.
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Frank T. Galati, Esq.
Assistant United States Attorney

Dana Carpenter, Esq.
Attorney for Co-defendant Monahan

I hereby certify that on March 1, 2013, I served the attached document by Email on the following, who are not registered participants of the CM/ECF System:

Chris Woodiel
United States Probation Officer

S/ Philip A. Seplow