JOHN S. LEONARDO
United States Attorney
District of Arizona

FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 03404
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Frank.Galati@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-12-00755-01-PHX-ROS |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |
| Kevin Buurma Angileri, | |
| Defendant. | |

The United States respectfully files its response to defendant's objections to the presentence report.

**1. Richard Toyser's departure from EDI (¶7).** The Information to which Angileri has entered his plea of guilty alleges that "Enterprise Direct, LLC (hereinafter "EDI") was founded in 2005 by Kevin Angileri, Joseph Monahan and a third person who left EDI shortly after its founding." Information, (doc. 32), ¶1. Toyser is that third founder of EDI. Monahan, Angileri and Toyser each has his own version of how and why Toyser left EDI. Because that issue is not germane to the calculation of a Guidelines offense level and, in the view of the United States, is not important to the resolution of any other matters regarding sentencing, we take no position on this objection.

**2. Creation of invoices (¶16)**. Angileri contends that he "**never** created one invoice." Objection 2. Be that as it may, defendant has admitted to engaging in a conspiracy to defraud HP and has admitted that one of the means he employed to effect the object of the conspiracy is the following:

(C) EDI, through KEVIN BUURMA ANGILERI and JOSEPH CHRISTOPHER MONAHAN, created fraudulent invoices to the purported business for the purported purchase and submitted them to HP to obtain the items ordered by the purported businesses of ANGELIRI's and MONAHAN's associates. [1]

Additionally, Angileri admitted that "On or about March 30, 2007, defendants caused invoice 23581 in the amount of $16,309.60 to be issued in the name of Light Speed Computers." [2] The pre-sentence report should not be changed regarding creation of invoices.

**3. Use of EDI funds for personal expenses (¶16).** This issue was addressed during co-defendant Monahan's sentencing.

Angileri has admitted conspiring to defraud HP during the first half of 2007. Both Monahan and Angileri had access to EDI's business accounts during that period of time. Agents of the Postal Inspection Service and Federal Bureau of Investigation conducted a limited financial analysis of those EDI accounts during and around the time of the conspiracy. Examination of account activity shows the following:

- On April 23, 2007, Monahan withdrew $33,750 and issued a check to Beazer Homes. This amount was a down payment on Monahan's home.
- Between December 18, 2006 and May 22, 2007, $14,415.45 was paid to Chapman Autoplex. Also, records reflect that throughout 2007, $18,996.94 was paid to BMW Financial. Monahan maintained that these amounts were lease payments on the two BMW automobiles used by Angileri and Monahan. The United States has no reason to dispute this assertion.
- Cash withdrawals that appear to go directly to Monahan total $12,361 and about $72,500 went directly to Angileri.
- Between January 2007 and October 2008, debits that appear to be personal expenses include a total of $53,111 for travel, $35,085 for leisure activities, $26,537 for dining

---

[1] Plea agreement, at 9, ll. 1-4.

[2] Plea agreement, at 9, ll. 14-15.

and $39,126 for shopping. These debits do not record whether these expenditures were made by Monahan or Angileri. While these appear to be personal expenses, some could be business related.

- Approximately $224,210 in cash was withdrawn from EDI accounts between January 2, 2007 and February 29, 2008. The records do not indicate whether these withdrawals were by Monahan or Angileri, nor do they indicate the disposition of these funds. **3/**

The presentence report should not be changed.

**4. Restitution to HP (¶80).** Angileri's "objection" to the recommended restitution amount offers neither facts nor law in its support. Angileri says he will present an argument to the Court at the time of sentencing. Therefore, the presentence report should not be changed.

**5. Offense level calculations.** The United States agrees with the offense level calculations of the presentence report. Specifically, we agree that the proper base offense level is 6 (PSR, ¶26) and that 16 levels should be added pursuant to Guidelines §2B1.1(b)(1) for loss amount (PSR, ¶27).

Our position regarding the specific offense characteristic of sophisticated means (PSR, ¶28) takes some explaining. The United States did not seek a sophisticated means enhancement for Monahan because the means of effecting the objects of the conspiracy that are alleged in the indictment do not appear to be "especially complex or especially intricate." Guidelines §2B1.1, application note 8(B). This case did not involve the usual sophisticated means found in white collar financial crimes and listed in application note 8(B): hiding assets in fictitious entities, corporate shells or offshore accounts. Having items shipped to the co-conspirators or their friends and covering it up with use of false invoices does not appear to be an "especially complex" undertaking.

---

**3/** Account analysis also shows what appears to be business-related miscellaneous credit card charges of $67,581, $1,135 in charges for gasoline and $254,000 for insurance, including group medical.

3

However, Judge Silver rejected our argument and found the scheme to involve sophisticated means. Because Monahan and Angileri have each entered a plea to the same conspiracy and scheme to defraud and the Court has found the sophisticated means enhancement to be applicable to one defendant, it should be applicable to both.

Respectfully submitted this 7th day of March, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Frank T. Galati*

FRANK T. GALATI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Philip Seplow.

*s/ Vicky Manfreda*